## Stevens *vs.* Williams.

A bill in equity setting forth that the plaintiff has commenced a suit at law for the recovery of certain money due him—that the defendant is fraudulently attempting to use, in support of his defence, a certain receipt for money, signed by the plaintiff, but which has been fully satisfied and settled, and ought to be given up—and praying that the defendant may discover the truth relative to the matters charged, that he may be restrained by injunction from setting up his false defence, and that the plaintiff may have such other relief as his case requires—is a bill for relief against fraud, of which this court has jurisdiction.

IN EQUITY. The bill alleged and charged, that an action in favor of the plaintiff, against the defendant, was pending in the court of common pleas, founded on two promissory notes of the defendant—that the defendant had filed a set-off, and was attempting to use, in his defence, a receipt signed by the plaintiff, dated long before the first note, for the sum of $500, to be accounted for, and sought to obtain judgment for the balance—that the receipt was given as collateral security, and to indemnify the defendant for indorsing a note, signed by one Weed, and the plaintiff as his surety—that Weed paid the note at maturity, and the defendant had been fully indemnified and the receipt fully satisfied, but it was fraudulently withheld from the possession of the plaintiff—that prior to the date of the first note sued, the parties settled all demands between them, and that note was given for the balance then due the plaintiff, &c. It then prayed that the defendant might answer, and discover the truth in relation to the several matters charged—that the plaintiff might be relieved from paying and allowing the amount of the receipt, or any part of it—that the defendant should be restrained by injunction from prosecuting and maintaining his false set-off, and that the plaintiff should have such other and further relief as the nature of his case should require.

The defendant filed a demurrer to the bill, and contended

Stevens *v.* Williams.

that this was a bill for discovery—that the plaintiff had not stated such a case as entitled him to it—and that the court had no jurisdiction of a bill to compel a discovery.

*J. P. Hale,* for the defendant.

*C. W. Woodman, & Christie,* for the plaintiff.

PARKER, C. J.   It is not necessary, in this case, to settle the question, whether, under the statute giving this court equitable jurisdiction in all cases of fraud, trust, accident, and mistake, we can entertain a bill for discovery merely, in aid of the prosecution, or of the defence of a suit at law, which involves some of those matters.

This bill, although it prays for a discovery, is not a bill for discovery alone.   *Mitford's Eq. Pleading* [16] 39 ; 2 *Story's Eq.* 1, 700 ; *Story's Eq. Pl.* 252.   It charges a fraudulent attempt to use a certain receipt of which the defendant has possession, in defence of the plaintiff's suit at law, and for the purpose of obtaining a judgment against the plaintiff, on the defendant's set off—sets forth divers particular matters relating to the receipt, prays that the defendant may discover the truth relative to them, that he may be restrained by injunction from using the receipt, and that the plaintiff may have such other relief as is suited to his case.   If the facts set forth are true, the defendant may not only be restrained from using the receipt to defeat the plaintiff's suit, but a decree may be entered requiring him to deliver it up to be cancelled.

The defendant does not allege any objection to any particulars of the discovery sought by the bill, and the bill being one for relief against fraud, as well as for discovery, the jurisdiction of the court is clear, and the demurrer must be overruled. 2 *N. H. Laws* 75 ; 1 *Story's Eq. Jur.* 82 ; 2 *Story's Eq.* 7, 10 ; *Story's Eq. Pl.* 256, 257, 420 ; *Tappan vs. Evans,* (11 *N. H. Rep.* 325.)